IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT S. HILLARD, | ) | 8:09CV162 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| JOSEPH F. CHILEN, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed his Complaint in this matter on May 11, 2009. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 8.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I.   SUMMARY OF COMPLAINT

Plaintiff filed his Complaint on May 11, 2009, against attorney Joseph F. Chilen. (Filing No. 1 at CM/ECF p. 1.) Plaintiff sues Defendant in his individual capacity only. (*Id*.) Plaintiff is currently confined in the Tecumseh State Correctional Institution in Tecumseh, Nebraska. (*See* Docket Sheet.)

Condensed and summarized, Plaintiff alleges that he was convicted because Defendant denied him effective assistance of counsel. (Filing No. 1 at CM/ECF pp. 9-11.) Plaintiff makes numerous allegations of ineffective assistance throughout the Complaint.[1] (*Id*. at CM/ECF pp. 2-12.)  Plaintiff seeks punitive and compensatory

---

[1] For example, Plaintiff alleges that Defendant deprived him of his right to a direct appeal because Defendant failed to file a notice of appeal within 30 days of his sentencing. (Filing No. 1 at CM/ECF p. 8.)

-1-

monetary damages in an amount "in excess of $2,500.00," "attorney's fees" and "other such relief as the court deems just and equitable." (*Id*. at CM/ECF pp. 11-12.)

## II.   APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting a new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

## III.   DISCUSSION OF CLAIMS

Claims relating to the validity of an individual's incarceration may not be brought in a civil rights case, regardless of the relief sought. As set forth by the Supreme Court in *Preiser v. Rodriquez*, 411 U.S. 475 (1973),and *Heck v. Humphrey*,

512 U.S. 477 (1994), if success on the merits of a civil rights claim would necessarily implicate the validity of a conviction or continued confinement of a convicted state prisoner, the civil rights claim must be preceded by a favorable outcome in habeas corpus or similar proceedings in a state or federal forum. Absent such a favorable disposition of the charges or conviction, a plaintiff may not use 42 U.S.C. § 1983 to cast doubt on the legality of his conviction or confinement. *See Heck*, 512 U.S. at 486-87.

Here, Plaintiff alleges that he was convicted because Defendant, his attorney, was ineffective during his criminal prosecution. (Filing No. 1 at CM/ECF p. 1.) This claim necessarily implicates the validity of Plaintiff's conviction and current confinement. As set forth above, the court cannot address this claim in an action brought pursuant to 42 U.S.C. § 1983. However, the court will dismiss Plaintiff's Complaint without prejudice to reassertion in a habeas corpus or similar proceeding.

    IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (filing no. 1) is dismissed without prejudice.

2. A separate Judgment will be entered in accordance with this Memorandum and Order.

July 1, 2009.                BY THE COURT:

                                      s/ Joseph F. Bataillon
                                      Chief United States District Judge